

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WAYNE H. NORMAN, | 1:13-cv-05385 |
| Plaintiff, | Judge Sharon Johnson Coleman |
| v. | Magistrate Judge Maria Valdez |
| DYNAMIC RECOVERY SOLUTIONS, | JURY DEMAND |
| Defendant. | |

## COMPLAINT

NOW COMES the Plaintiff, WAYNE H. NORMAN, by and through himself and for his Complaint against the Defendant, DYNAMIC RECOVERY SOLUTIONS, and Plaintiff states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*, and the Fair Debt Collection Practices Act ( hereinafter, "FDCPA"), 15 U.S.C. section 1692 *et seq*, .which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, and TCPA, pursuant to 28 U.S.C. sections 1331 and 28 U.S.C. section 1337.

1

3. Venue is proper in this district pursuant to 28 U.S.C. section 1391(b).

## PARTIES

4. WAYNE H. NORMAN, (hereinafter, "Plaintiff"), is an individual who was at all relevant times residing in the county of Cook County, Illinois.

5. At all relevant times, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. section 1692a(3).

6. DYNAMIC RECOVERY SOLUTIONS, (hereinafter, "DRS") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is located at 135 Interstate Blvd. Suite 6, Greenville, SC 29615, whose primary business is debt collection from consumers.

7. At all relevant times, Defendant acted as a "debt collector" as that term is defined by 15 U.S.C. section 1692a(6).

## ALLEGATIONS OF FACT

8. Plaintiff has received numerous phone calls from Defendant to his cellular telephone seeking to collect an alleged debt.

9. Plaintiff has documented at least 5 phone calls from the Defendant throughout the month of June, 2013.

10. Plaintiff is not in privy with Defendant, and does not owe Defendant any money.

11. Plaintiff has never provided his phone number to Defendant or given his express consent to be called, whether on his own or on behalf of any third party.

12. The calls Plaintiff received were made using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

13. Defendant's calls utilized interactive voice recognition technology, also known as a predictive dialer, in which a machine places calls, and when a consumer answers the phone there is a noticeable pause prior to being connected to a live representative of Defendant.

14. This technology, upon information and belief, dials several numbers simultaneously and connects the call only to those who answer first.

15. The most egregious types of these calls are placed to those consumers who in fact have no debt whatsoever owed to Defendant.

16. The first such call occurred on or about June 19th, 2013. Plaintiff was unfamiliar with the number and allowed the call to go to his cellular phone "voice mailbox".

17. Defendant left an automated message stating, " Hi, I'm calling from Dynamic Recovery Solutions, I wanted to discuss a matter with you today,

please give me a call back at 866-625-8973, again, that number is toll-free its 866-625-8973, I look forward to hearing from you."

18. Plaintiff received four more calls from the Defendant; however, no other messages were left.

19. Plaintiff never consented to, requested, or otherwise desired or permitted, calls from Defendant for the purpose of debt collection or any other purpose.

## COUNT I
## VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Without prior consent, the Defendant contacted the Plaintiff five (5) times by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii).

22. The phone call was made to Plaintiff without the number being provided to Defendant or any other entity in connection with any debt, and without the consent of Plaintiff.

23. Defendant utilized a predicative dialer to place numerous phone calls to Plaintiff and without human intervention. Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and hardware aspects, that has the capacity to store or produce numbers and dial

4

those numbers at random, in sequential order, or from a database of numbers.

24. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of such Act.

25. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

## COUNT II
## VIOLATION OF THE ("FDCPA"), 15 U.S.C. SECTION 1692e(11)

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendant's aforementioned conduct violated the FDCPA 15 U.S.C. section 1692e(11) as this provision specifically require a debt collector to state in all communications that, "This is an attempt to collect a debt,…or, this communication is from a debt collector."

28. Defendant's message left on Plaintiffs cellular phone failed to state the required "mini-miranda" verbiage.

29. As a result of Defendant's prohibited conduct, Plaintiff is entitled to $1,000 per violation.

## PRAYER OF RELIEF

**WHEREFORE,** Plaintiff, Wayne H. Norman, prays the following relief:

a) Statutory damages pursuant to 47 U.S.C. section 227(b)(3)(B) & (C);

b) Statutory damages pursuant to 15 U.S.C. section 1692k;

c) Actual damages from the Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent TCPA, and FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

d) Such other and further relief as may be just and proper.

Respectfully submitted,

Wayne H. Norman

509 Elgin Apt. 1

Forest Park, Illinois 60130

whnorman@hotmail.com